The complaint alleged: that the plaintiffs, Sarah Adams, Mary Torrence, Eliza Lineberger, an infant under twenty-one years of age, and without guardian, and J. H. Holland, are the distributees and heirs at law of Jasper N. Holland, and the wards of the defendant Quinn.
Jasper N. Holland died in the county of Yell, State of Arkansas, about the year 1860, leaving a will and testament, wherein he bequeathed and devised his real and personal estate to the plaintiffs; which will was admitted to probate in Gaston County, N.C. in August, 1860. The defendant Quinn was appointed executor thereof, and qualified and entered upon the discharge of his trust at that time.
In the month of April, 1861, the defendant Quinn was appointed guardian of the plaintiffs above named, giving bond as required by law, which position be held until April, 1863, when he procured his removal from said office by voluntary petition.
The plaintiffs are informed and believe that Jasper N. Holland, at the time of his death, was seized and possessed of considerable real and personal estate, which was under the control, and subject to sale *Page 276 
(360) by the defendant Quinn, under a power vested in him by said will. The value of said estate was some eight thousand dollars, and the indebtedness very small.
The real estate of said Holland, which the plaintiffs charge as being sold by the defendant Quinn, or which he fraudulently suffered to pass out of his possession and control, consisted of five town lots in the town of Dardanelle, Arkansas, of the value of three thousand dollars, and a tract of land containing on hundred and sixty acres, in the county of Yell, said State, of the value of one thousand dollars, besides other property of the value of four thousand dollars, of which the defendant has made no account whatever; and that said real estate is now in the possession of strangers who hold the same adversely to the plaintiffs, under bona fide deeds.
Said sales or transfers fraudulently suffered on the part of the defendant, Quinn, occurred between the time he assumed the office of guardian and the date at which he procured his removal as guardian. Plaintiffs are informed, and believe, that they have been fraudulently deprived of said property by an iniquitous combination between said Quinn and one Falls, his son-in-law, who resides in the State of Arkansas.
The destruction of the records of Yell County, Ark., which occurred during the late war, renders them unable to state definitely the means by which they have been defrauded of their rights, and this fact is well known to the defendant, Quinn, and one which they believe he expects to enable him to consummate said fraud upon them.
This fraudulent conduct on the part of the defendant, Quinn, in depriving his wards of their rights, was practiced when they were infants of tender age and unable either to know or protect themselves in their rights.
The defendant, Quinn, has made no return of the estate of Jasper N. Holland, or accounted for the same, either as executor or guardian, (361) except a small part of the personal estate which was brought to this State.
The other defendants, J. B. Falls and Z. S. Hill, are sureties on the guardian bond of said Quinn, in the sum of eight thousand dollars,
Plaintiffs demand judgment against the defendants for eight thousand dollars, to be discharged upon the payment of the sum found to be due on an account taken in this action.
The defendants demurred to the complaint, and assign the following grounds of demurrer:
1. The complaint is ambiguous, uncertain, redundant and multifarious, in that no certain, specific charge is made by the plaintiff, and in that the general charges made are against the defendant, Quinn, as *Page 277 
executor of Jasper N. Holland, deceased, and as guardian of the plaintiffs.
2. That the complaint does not show that the former wards of James Quinn have become of age, but does show that one of them, Eliza Lineberger, is not of age, and that therefore the plaintiffs cannot sustain this action.
3. The complaint does not show that a demand has been made upon the defendants for a settlement of the guardianship, or any claim made upon them.
4. That the complaint shows that the defendant, James Quinn, has settled the whole estate of the plaintiffs that came into his hands as guardian.
5. That the complaint only charges that the testator, Jasper N. Holland, left a large estate in Arkansas, and therefore the defendant, Quinn, as guardian, or in any capacity whatever, cannot be charged with an estate in Arkansas, with which he was not concerned and over which he had no control.
6. The complaint does not charge the defendant or any one of them with having received any property or estate that has not been accounted for.
7. That no breach of the guardian bond is alleged in the complaint.
8. The complaint charges a fraudulent conspiracy between (362) the defendant Quinn and his son-in-law Falls, who lives in Arkansas, to cheat and deprive the plaintiffs of their property in Arkansas, and seeks to charge the defendant therewith upon his guardian bond, all of which the defendants respectfully submit is beyond the jurisdiction of any court in North Carolina.
9. That the complaint joins an action for fraud and conspiracy and an action upon a guardian bond.
10. That the whole statement of facts in the complaint do not constitute a sufficient cause of action.
11. That allegation No. 3 of the complaint shows that the defendant Quinn, as guardian, was removed from his guardianship in 1863, and therefore the plaintiffs cannot sustain an action against him because of the lapse of time and the bar of limitations prescribed by law.
Upon the hearing the demurrer was sustained by the court and thereupon the plaintiffs appealed.
Whenever the relation of guardian and ward is proved or admitted, either party has a right to an account, unless the action be barred by the plea, "insimul computassent," that is a full settlement, or a release of the cause of action, or the statute of limitations. In our case, no settlement or release is alleged, and the statute of limitations is only relied on as to the sureties; so the defendant Quinn has no ground on which to object to a reference for an account of his "actings and doings" as guardian, and his Honor erred in sustaining the demurrer. The complaint makes a direct charge of fraud committed by the defendant while acting as the guardian of the (363) plaintiffs, in that he sold land and other property of his wards in the State of Arkansas and failed to make any return of the moneys received except a small sum. This charge of fraud is admitted by the demurrer to be true, and the defendant is thus put in a very unenviable light before the court, for the object of a demurrer is to avoid an answer. Without more saying, the plaintiffs are entitled to have an answer and to an account, when upon exceptions, the matter in controversy will be brought squarely before the court.
His Honor was of opinion that the sureties on the guardian bond were discharged by the statute of limitations, as "the breach complained of" occurred since the adoption of the C. C. P. This point is not now presented and must be made by answer.
The other exceptions are on "the skirmishing line" and need not be noticed, as all can be cured by amendments.
Error. This will be certified.
PER CURIAM. Judgment accordingly.
Cited: Solomon v. Bates, 118 N.C. 316; Moses v. Moses, 204 N.C. 658.
(364)